UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAFEET STAFA et al.,

      Plaintiffs,　　　　　　　　　　　　　　Case No. 24-cv-10419

v.　　　　　　　　　　　　　　　　　　　　HON. MARK A. GOLDSMITH

CITY OF TROY,

      Defendant.
_____/

**OPINION & ORDER**
**DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION (Dkt. 9)**

Before the Court is Plaintiffs' motion for a temporary restraining order and/or preliminary injunction (Dkt. 9), which seeks preliminary relief in connection with a series of disputes between Plaintiffs and the City regarding Plaintiffs' property development projects.

In evaluating such a motion, the Court considers: (i) the movant's likelihood of success on the merits; (ii) whether the movant would suffer irreparable injury without the injunction; (iii) whether issuance of the injunction would cause substantial harm to others; and (iv) the public interest. Baker v. Adams Cnty./Ohio Valley Sch. Bd., 310 F.3d 927, 928 (6th Cir. 2002).

The factual and legal background is set out in the Court's recent ruling granting in part and denying in part the City's motion to dismiss (Dkt. 20). As the opinion demonstrates, there is a long and complicated history of interactions between the parties. In terms of the record developed to date, the Court cannot say that Plaintiffs have demonstrated a likelihood of success. That is not to say that Plaintiffs may not ultimately prevail, but the intricacies of their requests and the City's responses will require sorting through much information and reviewing testimony from witnesses.

Because of the complexities, the merits cannot be decided until a properly supported summary judgment is filed or a full trial is conducted.

As for irreparable harm, Plaintiffs seek monetary relief under 42 U.S.C. § 1983, which should mean that any cognizable harm Plaintiffs establish will not be irreparable.  St. Luke's Hosp. v. ProMedica Health Sys., 8 F.4th 479, 489 (6th Cir. 2021) (explaining that generally "a plaintiff's harm from the denial of a preliminary injunction does not count as irreparable if it is, or can be, fully compensable by monetary damages") (punctuation modified).  As for the balance of harms, it is true that Plaintiffs may be delayed in pursuing development, but such difficulties are not uncommon in interactions between developers and local governments.  And the Court must consider the public interest that may be impacted if there is a rush to judgment regarding land-use matters without a full airing of these disputes.  The public may suffer if land-use rules are not properly evaluated and applied.  To minimize harm to all parties, the Court recently established a schedule providing for discovery to be completed and dispositive motions to be filed with due dispatch.  Taking all the equitable factors into account, the Court denies the motion.

SO ORDERED.

Dated: March 25, 2025　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 25, 2025.

　　　　　　　　　　　　　　　　　　　　　　s/Carolyn Ciesla
　　　　　　　　　　　　　　　　　　　　　　Case Manager